# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

JOE D. SMOTHERS                                                          PLAINTIFF


v.                           NO. 4:07CV00679 SWW/HDY


LARRY NORRIS, individually and in his official                  DEFENDANTS
capacity as the Director of the Arkansas
Department of Correction; JUDGE JOHN LANGSTON,
individually and in his official capacity as a
Circuit Judge for Pulaski County, Arkansas;
RANDY JOHNSON, individually and in his
official capacity as the Sheriff of Pulaski County,
Arkansas; and PULASKI COUNTY, ARKANSAS


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States

District Judge Susan Webber Wright.  Any party may serve and file written objections to

these findings and recommendation.  Objections should be specific and should include

the factual or legal basis for the objection.  If the objection is to a factual finding,

specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the Office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

DISPOSITION

BACKGROUND.  The records maintained by the Arkansas Department of Correction ("ADC") reflect that in November of 1986, plaintiff Joe D. Smothers ("Smothers") was sentenced in Pulaski County, Arkansas, Circuit Court to life imprisonment for rape.  See www.arkansas.gov/doc/inmate_info.[1]  The records additionally reflect that in February of 1987, he was sentenced in Saline County, Arkansas, Circuit Court to twenty years imprisonment for rape.  See Id.  He was placed in the custody of defendant Larry Norris ("Norris"), the Director of the ADC, and Smothers remains in Norris' custody to this day.

THE PROCEEDING AT BAR.   Smothers commenced this proceeding by filing a complaint pursuant to 42 U.S.C. 1983.  He joined that submission with an application to proceed in forma pauperis.  The undersigned denied Smothers' application because it was not complete and ordered him to submit a completed application.  He did so, and his application was granted.  Notwithstanding the granting of the application, service of process was not deemed appropriate at that time.  The undersigned now addresses the question of whether service of process is now appropriate.

---

[1]

The website is the home of the ADC's inmate population information search engine.  The records obtained at that website reflect that Smothers was also sentenced in November of 1986 in Pulaski County Circuit Court to various terms of imprisonment for the additional offenses of kidnaping, robbery, burglary, theft by receiving, theft of property, and a firearm offense.  See Pulaski County Docket Numbers 1986-445 and 1986-648.  The Court cannot discern from the records at the website, though, whether the terms of imprisonment imposed for the additional offenses were ordered to be served concurrent with, or consecutive to, the life sentence he received for rape in November of 1986.

PRISON LITIGATION REFORM ACT.  The Prison Litigation Reform Act requires the Court to screen a complaint filed by a prisoner in which relief is sought against a governmental entity, officer, or employee.  See 28 U.S.C. 1915A(a).  The Court must dismiss such a complaint, or portion thereof, if the prisoner has raised claims that: (1) are legally frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. 1915A(b).

In screening a prisoner's complaint, it should only be dismissed for failure to state a claim if it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief.  See Springdale Education Association v. Springdale School District, 133 F.3d 649 (8th Cir. 1998).  In making that determination, the Court adheres to two principles: first, a pro se complaint is to be liberally construed, and second, its factual allegations are to be accepted as true.  It is against the backdrop of the foregoing that the undersigned considers the complaint at bar.

CLAIMS.  In commencing this proceeding, Smothers joined the following parties as defendants: (1) Norris, individually and in his official capacity as the Director of the ADC; (2) John Langston, individually and in his official capacity as a Pulaski County Circuit Court Judge; (3) Randy Johnson, individually and in his official capacity as the Sheriff of Pulaski County, Arkansas; and (4) Pulaski County, Arkansas.  In the complaint at bar, Smothers alleged the following:

> In the year of 1986, I was arrested for rape, robbery, and kidnaping, charges that happened in Saline County, this county having legal jurisdiction for the warrant and arrest.  A warrant was issued for the said charges on February 6, 1986.  After arrest, a bench warrant was issued out of Pulaski County on February 11, 1986, for the same above charge.  I was convicted and sentenced to life in prison out of Pulaski County and 20 years out of Saline County for the same charges of rape, robbery, and kidnaping for the same victim, on the same date, those both being the same charge.  This is unlawful because I should have been sentenced out of Saline County because the charge occurred in Saline County.  This is a clear sign of Double Jeopardy that is completely against my constitutional rights.  Because of this, my civil rights have been violated.

See Document 2 at 4.  In the prayer for relief portion of the complaint, Smothers requested money damages for "[the] days spent unlawfully."  See Id. at 5.  He also asked that his allegedly illegal sentence be corrected.  Last, he added the following: "I will negotiate for money settlement and void for correction of illegal sentence."  See Id.

HECK V. HUMPHREY.  The undersigned begins the process of screening Smother's complaint by considering the teachings of Heck v. Humphrey, 512 U.S. 477 (1994).  In that case, the United States Supreme Court stated the following:

> … in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid [footnote omitted], a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [section] 1983.

See Id. at 486-487.  [Emphasis in original].  The United States Supreme Court then added

the following:

> Thus, when a state prisoner seeks damages in a [section] 1983 suit, the
> district court must consider whether a judgment in favor of the plaintiff
> would necessarily imply the invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been invalidated.
> But if the district court determines that the plaintiff's action, even if
> successful, will not demonstrate the invalidity of any outstanding criminal
> judgment against the plaintiff, the action should be allowed to proceed,
> [footnote omitted] in the absence of some other bar to the suit.  [Footnote
> omitted].

See Id.  [Emphasis in original].

In determining whether Heck v. Humphrey forecloses Smothers' claim, the

undersigned begins by noting his assertion that "[he] was convicted and sentenced to life

in prison out of Pulaski County [Circuit Court] and [twenty] years [imprisonment] out of

Saline County [Circuit Court] for the same charges of rape, robbery, and kidnaping for

the same victim, on the same date, those both being the same charge." See Document

2 at 4.  The records maintained by the ADC reflect, however, that Smothers was not

sentenced in Saline County Circuit Court for robbery and/or kidnaping.   The only

sentence he received in Saline County Circuit Court was for the offense of rape.  Thus,

the only possible duplication, or double jeopardy concern, between the sentences

imposed in Pulaski County Circuit Court and Saline County Circuit Court involves the

offense of rape.

Smothers maintains that he was sentenced in Pulaski County Circuit Court and Saline County Circuit Court for the same misconduct, that being, the same act of rape. He maintains that he should have been sentenced for the offense in Saline County Circuit Court only because the offense occurred in that county.   Given that assertion, his sentence for the offense in Pulaski County Circuit Court is at the heart of this proceeding.

Would a judgment in Smother's favor in this proceeding necessarily imply the invalidity of his Pulaski County Circuit Court sentence of life imprisonment for rape? The undersigned thinks so.  In order to find in Smother's favor, it would be necessary to find, inter alia, the following: (1) he committed a single act of rape; (2) the misconduct occurred in Saline County only and did not also occur in Pulaski County; (3) he was sentenced for the misconduct in both Pulaski County Circuit Court and Saline County Circuit Court; and (4) given his sentence in Saline County Circuit Court, his sentence in Pulaski County Circuit Court for the same misconduct constituted multiple punishment for the same offense.  See United States v. Gamboa, 439 F.3d 796 (8th Cir. 2006).

Because a judgment in Smother's favor in this proceeding would necessarily imply the invalidity of his Pulaski County Circuit Court sentence of life imprisonment for rape, it is clear that this proceeding may not continue unless he can show that the sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a

-7-

federal court's issuance of a writ of habeas corpus.  There is nothing in the record that establishes or otherwise suggests that it has been so reversed, expunged, declared invalid, or called into question.   In addition, there is nothing in the record that establishes or otherwise suggests that he has completed the life sentence imposed in Pulaski County Circuit Court.[2]

Given the foregoing, the undersigned finds that <u>Heck v. Humphrey</u> forecloses Smothers' claim to the extent he seeks damages.  He does in fact seek money damages for "[the] days spent unlawfully, <u>see</u> Document 2 at 5, so that portion of his claim is clearly foreclosed.  He also asks that his allegedly illegal sentence be corrected.  The undersigned understands his request to be a request to strike or otherwise void his Pulaski County Circuit Court sentence of life imprisonment.  That type of relief, though, is more in the nature of habeas corpus relief and must be sought in a proceeding commenced pursuant to 28 U.S.C. 2254.  Thus, his claims for relief are either foreclosed by <u>Heck v. Humphrey</u> or more appropriately sought in a proceeding pursuant to 28 U.S.C. 2254.[3]  His complaint fails to state a claim upon which relief may be granted.

---

[2]

   <u>Hanks v. Prachar</u>, 457 F.3d 774 (8th Cir. 2006), suggests that <u>Heck v. Humphrey</u> does not apply when the plaintiff is no longer in custody for the offense.  <u>See</u> <u>also</u> <u>Jiron v. City of Lakewood</u>, 392 F.3d 410 (10th Cir. 2004).  Smothers, though, was sentenced to life imprisonment, and it does not appear that he has completed that sentence.

[3]

   Smothers also requests the following: "I will negotiate for money settlement and void for correction of illegal sentence."  <u>See</u> Document 2 at 5.  That type of relief, though, is not available in this type of proceeding.

RECOMMENDATION.  The undersigned recommends that service of process not be ordered and Smothers' complaint be dismissed without prejudice.[4]  His complaint fails to state a claim upon which relief may be granted because Heck v. Humphrey forecloses his claim to the extent he seeks damages and because he additionally seeks a type of relief more appropriately sought in a proceeding pursuant to 28 U.S.C. 2254.  Judgment should therefore be entered for all of the defendants.

DATED this ____31___ day of October, 2007.


_H. Daniel Young_

_____

UNITED STATES MAGISTRATE JUDGE

---

[4]

Sheldon v. Hundley, 83 F.3d 231 (8th Cir.1996), indicates that a Heck v. Humphrey dismissal should be without prejudice.